IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG JONES,

                Plaintiff,

v.

CHRISTOPHER HANSON and ERIC DIENER,

                Defendants.

OPINION and ORDER

23-cv-782-jdp

---

    Plaintiff Craig Jones, proceeding without counsel, is currently incarcerated at New Lisbon Correctional Institution. Jones alleges that correctional officers placed him in a transport van without a proper working seatbelt and then failed to get him medical attention after he was injured by being ejected from his wheelchair in the van. Defendants move for summary judgment contending that Jones failed to exhaust his administrative remedies. Dkt. 17. After considering the parties' submissions, I conclude that Jones failed to exhaust his administrative remedies and I will dismiss the case.

BACKGROUND

    The incident in which Jones was injured occurred on December 1, 2020, during Jones's transport from University of Wisconsin Hospital to Dodge Correctional Institution (DCI). Jones was housed at DCI from December 1, 2020 to April 24, 2023, when he was transferred to New Lisbon Correctional Institution. Jones's inmate grievance history report, Dkt. 19-1, shows that he filed only two grievances (one in October 2021 and another in May 2022) between December 1, 2020, and the filing of his complaint in this case in November 2023, neither of which were about the incident at issue here.

ANALYSIS

**A. Exhaustion**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants contend that they are entitled to summary judgment because Jones didn't file a grievance about the incident. Jones concedes that he didn't file a grievance, arguing instead that the grievance process was unavailable to him. He states that he spent at least his early days at DCI in the infirmary unit convalescing from a 17-day coma caused by COVID-19. While in the infirmary unit, he asked to file a grievance but that told him that he needed to rest and "we will help you with that later." Dkt. 24, ¶ 4. He states that he continued his requests "for what seemed like weeks" but that staff never helped him file a grievance. *Id.*, ¶ 5.

2

Jones is correct that his administrative remedies would be considered unavailable if he were physically unable to fill one out or if staff prevented him from filing one. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("a remedy becomes unavailable if prison employees . . . use affirmative misconduct to prevent a prisoner from exhausting." (citation omitted)). But even crediting Jones's version of events, that accounts for only his initial weeks at DCI. Jones doesn't explain why he didn't file a grievance after he was healthy enough to do so. It's undisputed that he was able to file grievances by October 2021 at the latest because he did file a grievance about a different matter then. Had Jones been delayed by illness or lack of help from prison officials, such a grievance would have been past the ordinary 14-day deadline. Wis. Admin. Code § 310.07(2). But the ICRS rules state that a prisoner can request to file a late complaint. Wis. Admin. Code § 310.07(2) ("At the discretion of the ICE, a late complaint may be accepted for good cause. An inmate shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing."). The PLRA's exhaustion requirement required Jones to attempt to file a late grievance, but he did not do so. *See Cannon v. Washington*, 418 F.3d 714, 718–19 (7th Cir. 2005) (prisoner fails to exhaust his remedies if he does not take advantage of procedure for reconsidering untimely filings).

Therefore, I will grant defendants' motion for summary judgment and dismiss the case. That dismissal is without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), but Jones would likely find it impossible to file a proper grievance now because the relevant events happened so long ago.

B.  **Other motions**

Defendants move to stay discovery of materials relating to the merits of Jones's claims pending resolution of the exhaustion motion. Dkt. 20. I will deny that motion as moot.

Jones moves to sanction defendants, Dkt. 26, arguing that they sought a stay of discovery even though the court's preliminary pretrial conference order states that the court will not stay discovery while an exhaustion motion is pending, Dkt. 13, at 5. I will deny that motion. The preliminary pretrial conference order restates the court's general practice; there is nothing sanctionable in asking the court to depart from that practice in a particular case.

## ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 17, is GRANTED.

2. Defendants' motion to stay discovery, Dkt. 20, is DENIED as moot.

3. Plaintiff's motion for sanctions, Dkt. 26, is DENIED.

4. The parties' remaining motions are DENIED as moot.

5. This case is DISMISSED without prejudice.

6. The clerk of court is directed to enter judgment accordingly and close this case.

Entered June 3, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge